IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIHAD MOHD SULIMAN SHIHADEH,     ) | |
|       Petitioner,     ) | |
|       ) | |
| vs.     ) | No. 3:21-CV-589-B-BH |
|       ) | |
| MERRICK GARLAND, United States     ) | |
| Attorney General, et al.,     ) | |
|       Respondents.     ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 USC § 2241*, received on March 15, 2021 (doc. 1). Based on the relevant filings and applicable law, the petition should be **DISMISSED** as moot.

## I. BACKGROUND

Jihad Mohd Suliman Shihadeh (Petitioner), an alien detained in the Prairieland Detention Center (PDC) in Alvarado, Texas, claimed that his continued detention by Immigration and Customs Enforcement (ICE) since his order of removal became final on July 10, 2020, violated 8 U.S.C. § 1231(a)(6) and his due process rights under the Fifth Amendment, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* doc. 1 at 5-8.)[2] He sought either his removal from the United States or immediate release from custody on an order of supervision. (*See id*. at 2, 6, 8.) The respondents are Merrick Garland, in his official capacity as United States Attorney General; Alejandro Mayorkas, in his official capacity as Acting Secretary of Homeland Security;

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Marc Moore, in his official capacity as ICE Dallas Field Office Director; and Jimmy Johnson, in his official capacity as Warden of PDC (Respondents). (*See id.* at 1-3.)

On April 16, 2021, Respondents filed their *Response in Opposition to Petition for Writ of Habeas Corpus*. (*See* doc. 5.) On June 1, 2021, they filed a *Notice to the Court of Petitioner's Removal* with supporting documents showing that Petitioner had been removed from the United States on April 28, 2021. (*See* doc. 9.)

## II.   MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, Petitioner claimed that his continued detention since his notice of removal became final on July 10, 2020, was unlawful under *Zadvydas*. (*See* doc. 1 at 5-8.) In *Zadvydas*, the Supreme Court held that detention of alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner challenged only the lawfulness of his

continued detention and sought immediate release from custody, either through deportation or on an order of supervision. (*See* doc. 1 at 2, 6, 8.)

Because Respondents' evidence shows that Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed.

### III. RECOMMENDATION

The *Petition for Writ of Habeas Corpus Pursuant to 28 USC § 2241*, received on March 15, 2021 (doc. 1), should be **DISMISSED** as moot.

**SIGNED this 2nd day of June, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE